UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONIQUE WAGER

*Individually
and as Heir at Law of Saul Dharien,*              12-CV-1292(TPG)

                           Plaintiff,               **OPINION**

-against-

JONATHAN LITTELL,
HARPER IMPRINT OF HARPER COLLINS
PUBLISHERS LTD.,

                           Defendants.
------------------------------------------------------------x

      Plaintiff, Monique Wager, brings this copyright infringement action individually and as the heir at law of Saul Dharien against defendants, Jonathan Littell and Harper Imprint of Harper Collins Publishers LTD, alleging in her complaint that *The Kindly Ones* (*Les Bienveillantes*), defendant's work, is copied from the manuscript of a work called *Troubled Sleep* written by her son, the late Saul Dharien. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      The motion is granted.

BACKGROUND

The following facts are drawn from the complaint unless otherwise noted.

Saul Dharien, the decedent in this case, is the author of a work entitled *Troubled Sleep*, which he wrote over the course of approximately six years between 1991 and 1997. On March 9, 2009, Dherian filed for a U.S. Copyright for *Troubled Sleep*. The court summarizes the work later in this opinion.

Defendant Littell's book, *The Kindly Ones*, was published in French and released to the general public in 2006. The novel – a historical fiction based upon German atrocities committed against the Jewish people during World War II – won wide acclaim and various awards, including the Grand Prix of the French Academy and the Prix Goncourt in 2006. Three years later in March of 2009, *The Kindly Ones* was translated into English, published by defendant Harper Collins, and released to the American general public. The book was well received.

In April of 2010, Dherian died while in Indonesia. Nearly two years later, in February of 2012, Dherian's mother, and heir of his estate, Monique Wager filed the present action *pro se* seeking a determination with respect to whether Littell's novel had, in fact, infringed on Dharien's work, alleging that several of the work's characters, World War II-related themes, and shared "Volkish" ideologies evince infringement.

## DISCUSSION

<u>THE MOTION TO DISMISS</u>

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, (2009). In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of its legal conclusions. <u>Iqbal</u>, 556 U.S. at 678-79. A court must also draw all reasonable inferences in the plaintiff's favor. <u>ATSI Commc'ns, Inc. v. Shaar Fund. Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

While it remains true even after <u>Twombly</u> that a plaintiff need not prove his case in complaint, a plaintiff must still at least allege the truth of facts that would give him a right to relief. This is necessary to ensure that defendants have notice of the basis of the claims against them, and to screen out frivolous claims. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47-48 (1957), <u>abrogated by</u>, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>see also</u> <u>Van Alstyne v. Ackerley Group, Inc.</u>, 8 F. App'x 147, 154-55 (2d Cir. 2001).

However, it is also well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest. <u>See</u> <u>Brownell v. Krom</u>, 446 F.3d 305, 310 (2d Cir. 2006); <u>Forsyth v. Fed'n Employment & Guidance Serv.</u>, 409 F.3d 565, 569 (2d Cir. 2005). This policy of liberally construing *pro se* submissions is driven by the understanding that "[i]mplicit in the right of self-representation

3

is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983); see also Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994) (recognizing that *pro se* litigants must be accorded "special solicitude").

It is equally clear that in ruling on such a motion to dismiss in a copyright infringement case, a district court may consider "the facts as asserted within the four corners of the complaint" together with "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). In such cases, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings. Walker v. Time Life Films, Inc., 615 F.Supp. 430, 434 (S.D.N.Y. 1985); Shipman v. R.K.O. Radio Pictures, Inc., 20 F.Supp. 249, 249 (S.D.N.Y. 1937). When a court is called upon to consider whether the works are similar, no discovery or fact-finding is typically necessary, because "what is required is only a visual comparison of the works." Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 766 (2d Cir. 1991).

Thus, where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the degree of similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. Id.

4

U̲N̲A̲U̲T̲H̲O̲R̲I̲Z̲E̲D̲ C̲O̲P̲Y̲I̲N̲G̲ O̲F̲ T̲H̲E̲ C̲O̲P̲Y̲R̲I̲G̲H̲T̲E̲D̲ W̲O̲R̲K̲

In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir.1998). A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright. See 17 U.S.C. § 410(c). Dhalien secured such registration for *Troubled Sleep* in March of 2009, and the defendants do not dispute the validity of that copyright. Thus, Dhalien has met the first element of a *prima facie* infringement claim.

To satisfy the second element of an infringement claim, the "unauthorized copying" prong, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." Castle Rock, 150 F.3d at 137. Actual copying may be established by direct evidence. Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2001). However, because the production of direct evidence of copying is rarely possible, copying is generally established by showing that (1) the defendant had access to the plaintiff's copyrighted work and (2) that defendant's work is "substantially similar" to the plaintiff's copyrightable material. Computer Associates Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 701 (2d Cir.1992).

"Access" means that the alleged infringer "had an opportunity to view or copy plaintiff's work." Sid & Marty Krofft Television Prod. v. McDonald's Corp., 562 F.2d 1157,

1172 (9th Cir.1977). The plaintiff has the burden of presenting "significant, affirmative and probative" evidence to support a claim of access. See, e.g., Palmieri v. Estefan, 35 U.S.P.Q.2d 1382 (S.D.N.Y. 1995); Intersong-USA v. CBS, Inc., 757 F.Supp. 274, 281 (S.D.N.Y. 1991). Conjecture or speculation will not suffice. Cox v. Abrams, No. 93 Civ. 6899, 1997 WL 251532, at *3 (S.D.N.Y. May 14, 1997).

Here, plaintiff simply alleges that the work in question was exposed to certain third parties, including two individuals, Paul and Jacques, as well as one "April from Mexico." These are the only individuals named in the complaint who were allegedly privy to Dharien's work. Plaintiff has not alleged that these parties knew any of the defendants or had a direct connection to them. At one point, she alleges that the Littell and Dharien both lived in Spain, albeit at some distance apart. She also alleges that the transcript somehow made its way onto "someone's" desk, yet does not say whether that desk belonged to the defendants. And finally, plaintiff alludes to a computer owned by Dharien, which may have contained the work. Yet, she does not allege that the defendants had access to the computer or that Littell knew Dharien. Therefore, the court finds that plaintiff has failed to plead access.

STRIKING SIMILARITY

As an alternative to showing direct or indirect access, a plaintiff may prove "access" by establishing "striking similarity" between the works. The Second Circuit has held that "if the two works are so strikingly similar as to preclude the possibility of independent

6

creation, copying may be proved without a showing of access." <u>Repp v. Webber</u>, 132 F.3d 882, 889 (2d Cir.1997); <u>Jorgensen v. Epic/Sony Records</u>, 351 F.3d 46, 56 (2d Cir.2003).

Here, the pleadings contain mere references to common historical themes among works premised upon the holocaust and its tragic consequences. While plaintiff alleges that *The Kindly Ones* is an unauthorized derivative work of *Troubled Sleep* and that the protagonist in *The Kindly Ones,* Max Aue, infringed upon the character of Gunther Sachs of *Troubled Sleep*, such allegations are largely without clear factual support. The two works may indeed be associated at the most conceptual level, but plaintiff has not provided a plausible allegation establishing striking similarity between the works, nor is it apparent from a reading of the copies provided to the court. Additionally, the court will not allow plaintiff to attempt to claim ownership over critical historical themes, which are central to many forms of artistic expression centering upon this particular era of history.  See <u>Reyher v. Children's Television Workshop</u>, 533 F.2d 87, 91 (2d Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 980 (1976).

Therefore, the court finds that plaintiff has failed to allege facts supporting "striking similarity" that would obviate the need of showing direct or indirect access. Furthermore, because plaintiff has failed to plead "access" or "striking similarity" to establish the first element of the infringement analysis, the court need not pass upon the second prong, "substantial similarity." In sum, plaintiff has failed to adequately plead facts supporting unauthorized copying and thus has not pled a *prima facie* copyright infringement claim.

Defendants' motion to dismiss is therefore granted.

SO ORDERED.

Dated: New York, New York
      March 26, 2013

                                                      Thomas P. Griesa, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-13